UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/17/2017

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

– against –

JAY MAC RUST and CHRISTOPHER K. BRENNER,

           Defendants.

**ORDER**

16 Civ. 3573 (ER)

Ramos, D.J.:

    The Securities and Exchange Commission ("SEC" or "Plaintiff") brings this action against Jay Mac Rust ("Rust") and Christopher K. Brenner ("Brenner," and collectively, "Defendants"), alleging that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(b) thereunder by, among other things, fraudulently inducing approximately 29 small business owners to deposit millions of dollars with them as escrow clients as part of a sham commercial loan scheme. Before the Court is Brenner's motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss the complaint due to improper venue. For the following reasons, Brenner's motion is DENIED.

    Under the Exchange Act, venue is proper if the suit is brought in the district "wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a). "As the courts interpret this provision, 'any non-trivial act in the forum district which helps to accomplish a securities law violation is sufficient to establish venue.'" *Greenwood Partners v. New Frontier Media Inc.*, No. 99 Civ. 9099 (WK), 2000 WL 278086, at *6 (S.D.N.Y. Mar. 14, 2000) (quoting *Steinberg &*

*Lyman v. Takacs*, 690 F. Supp. 263, 267 (S.D.N.Y 1988)). "The act or transaction committed within the district need not constitute the core of the violation, but should be an important step in the fraudulent scheme." *Id.* (quoting *Como v. Commerce Oil Co.*, 607 F. Supp. 335, 341 (S.D.N.Y. 1985)); *see also Ahrens v. CTI Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *3 (S.D.N.Y. May 19, 2016) (quoting *Ato Ram, II, Ltd. v. SMC Multimedia Corp.*, No. 03 Civ. 5569 (HB), 2004 WL 744792, at *3 (S.D.N.Y. Apr. 7, 2004)). "Hence, acts such as a transfer agent merely mailing dividends from New York City, press releases being sent *into* a district, and making a phone call or mailing into a district have all been held sufficient to confer venue." *Greenwood*, 2000 WL 278086, at *6 (citing *Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1337 (2d Cir. 1974); *Takacs*, 690 F. Supp. at 267–68; and *SEC v. Thrasher*, No. 92 Civ. 6987, 1993 WL 437752, at *4 (S.D.N.Y. Oct. 25, 1993)).

Here, Plaintiff alleges that Defendants executed and cleared many of the securities trades at issue in this proceeding through broker-dealers located in the Southern District of New York. Compl. (Doc. 1) ¶¶ 12, 87; Van Alstyne Decl. (Doc. 26) ¶ 7. Moreover, Plaintiff alleges that Defendants made materially false and misleading statements to those broker-dealers. Compl. ¶¶ 12, 83–85; Van Alstyne Decl. ¶¶ 4-5 & Exs. A–B. These facts are sufficient to establish venue in this district. *See, e.g.*, *Greenwood*, 2000 WL 278086, at *6 (finding venue proper in this district where relevant mail and telephone calls were received in Manhattan and the securities at issue were traded in Manhattan).

Brenner argues that venue is improper in this district because the "locus of operative events" is Colorado, from where he claims to have issued all of the alleged representations and trading orders. Brenner's Mem. (Doc. 22) at 4. The "locus of operative events" is, however, simply a factor courts consider in determining whether to grant a motion to transfer an action to

another venue. *See Ahrens*, 2016 WL 2932170, at *2. It has no relevance to the question of whether venue is proper in the district in which the action was initially brought. *See Greenwood*, 2000 WL 278086, at *6 (finding venue proper in this district although the most significant events took place in Colorado).[1]

For the foregoing reasons, Brenner's motion to dismiss is DENIED. The parties are directed to appear for a conference on **February 17, 2017 at 10:30 a.m.** The Clerk of the Court is respectfully directed to terminate the motion, Doc. 22.

It is SO ORDERED.

Dated: January 17, 2017
       New York, New York

                                                    Edgardo Ramos, U.S.D.J.

---

[1] Although Brenner has not moved to transfer this action to Colorado, the Court finds that transfer to another venue is not warranted here. In determining whether to transfer an action, courts balance a number of factors, including:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Ahrens*, 2016 WL 2932170, at *2 (quoting *Robertson v. Cartinhour*, No. 10 Civ. 8442 (LTS) (HBP), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). Having considered these factors, as well as the parties' submissions, the Court finds that a transfer is not justified here, especially considering that neither Defendant resides in Colorado, the SEC's investigation was conducted by its New York Regional Office, and the Defendants' alleged victims are scattered across multiple states and abroad.