UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/18/2019

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

– against –

JAY MAC RUST, CHRISTOPHER K. BRENNER,

Defendants.

**ORDER**

16 Civ. 3573 (ER)

---

Ramos, D.J.

This matter was commenced by the Securities and Exchange Commission (the "SEC") on May 13, 2016. Doc. 1. The SEC alleges that defendants Jay Mac Rust and Christopher K. Brenner ("Brenner"), acting as escrow agents in a fraudulent commercial loan scheme, defrauded 29 escrow clients of approximately $13.8 million. *See generally* Doc. 1. On June 9, 2017, the Court entered a judgment on consent against Brenner. Doc. 37. In that judgment, Brenner agreed, *inter alia*, that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon and a civil penalty, amounts of which shall be determined upon motion of the SEC. *Id.* at 4-5.

On December 6, 2017, the SEC filed its anticipated motion seeking disgorgement in the amount of $105,297, plus prejudgment interest thereon in the amount of $19,105.71, and a "third-tier civil penalty"[1] against Brenner, Doc. 45. To this day, Brenner has not filed any

---

[1] Section 21(d)(3) of the Securities Exchange Act of 1934 provides three separate tiers of potential penalties that increase depending upon the seriousness of the violation. "The first tier of fines applies to all securities law violations; the second provides higher maximum fines for violations that involved fraud; and the third provides the highest maximums for violations that involved fraud and 'resulted in substantial losses or created a significant risk of substantial losses to other persons.'" *SEC v. Palmisano*, 135 F.3d 860, 866 (2d Cir. 1998)(internal citations omitted). As modified for inflation by the Debt Collection Improvement Act of 1996 and the corresponding SEC regulations, the amount of civil penalty for a defendant shall not exceed the greater of $7,500 ($75,000 for second-tier penalties and $150,000 for third-tier penalties) per violation or the gross amount of pecuniary gain to that

response to the motion.  Brenner is hereby ordered to show cause, by papers to be filed no later than **January 17, 2019**, why the Court should not decide the motion on the basis of papers already submitted.

It is SO ORDERED.

Dated: December 18, 2019
       New York, New York

Edgardo Ramos, U.S.D.J.
United States District Judge

---

defendant for a first-tier penalty.  In the motion, SEC represents that Brenner committed a total of 97 violations.  *See* Doc. 47 at 12.  Factors that courts consider, exercising its discretion in determining whether penalties should be imposed, and the amount of the penalty, include:  (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced dut to the defendant's demonstrated current and future financial condition.  *See SEC v. Forest Res. Mgmt. Corp.*, No. 09 Civ. 0903 (JSR), 2010 WL 2077202, at *2 (S.D.N.Y. May 18, 2010)(citing *SEC v. Opulentica, LLC*, 479 F.Supp.2d 319, 331 (S.D.N.Y. 2007)).